Filing # 62757486 E-Filed 10/12/2017 02:24:34 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                                    CIVIL

Jordon Rothermel,
    Plaintiff,

v.

General Motors LLC, a foreign corporation.
    Defendants
                                        /

## COMPLAINT

Plaintiff, Jordon Rothermel sues Defendant, General Motors LLC, and alleges as follows:

1. This is an action for damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, and for other relief.
2. At all times materiel hereto, Plaintiff, Jordon Rothermel was a resident of Collier County, Florida.
3. At all times materiel hereto, Defendant, General Motors LLC was a foreign corporation which was authorized and operating business in the State of Florida and has an agent or other representative in Collier County, Florida. As such, venue is proper in Collier County, Florida.
4. Defendant is engaged in the solicitation or service activities within the State of Florida, which resulted in the injuries to Plaintiff described herein. Defendant's products, materials and items which it processed or serviced, are within this state in the ordinary course of commerce, trade or use; and that use or consumption has resulted in the injuries to the Plaintiff described herein.
5. At all times material hereto, Defendant was and remains in the business of designing, developing, testing, manufacturing, and/or distributing motor vehicles, including a certain 2011 Chevrolet Camaro, hereinafter referred to as the subject vehicle.
6. Some time prior to April 21st, 2016, Defendant designed, manufactured, sold, distributed, and/or placed into the stream of commerce, the subject vehicle.
7. Some time prior to April 21st, 2016 the subject vehicle was ultimately received by the owner of the subject vehicle James Patton who, on the date of the incident was driving the subject vehicle in which Plaintiff, was a passenger.
8. On or about the afternoon of April 21st, 2016, the plaintiff was a passenger in the subject vehicle upon which the key fob to the subject vehicle fell out of the ignition turning off

the subject vehicle while it was still moving. The subject vehicle hit a tree while it was still in motion. The subject vehicle did not provide any warning to the passengers that it was shut off. The airbags to the subject vehicle did not deploy upon impact, because the subject vehicle was turned off due to the faulty key system. The proximate cause to Plaintiff's injuries was due to the faulty key system.

## COUNT I
## NEGLIGENCE

9. The plaintiff readopts and realleges paragraphs 1 though 8 above, as fully as if said paragraphs were restated herein.
10. At all times material hereto, Defendant owed to the Plaintiff the duty to exercise ordinary care in the designing, developing, testing, manufacturing, assembling, inspecting and/or testing of its vehicles, including the subject vehicle, by exercising reasonable care, so as to prevent injuries from the use of such product.
11. At all times material hereto, Defendant had a duty to warn consumers or intended users of the subject vehicle, including the Plaintiff, of defects which it knew or should have known in the exercise of ordinary care existed in the subject vehicle, which defects rendered the subject vehicle unreasonably dangerous to use.
12. Defendant breached its duties owed to the Plaintiff in one or more of the following ways:
    a. Negligently designed, installed and/or manufactured the subject vehicle with faulty keying system and key fob, which Defendant knew or should have known prior to the production of the subject vehicle.
    b. Negligently failed to warn the Plaintiff that the subject vehicle was designed, installed and/or, manufactured with a faulty keying system and key fob, which Defendant knew or should have known prior to the production of the subject vehicle.
    c. Negligently designed and/or manufactured the subject vehicle with airbags that did not deploy while the vehicle was shut off but still moving, which Defendant knew or should have known prior to the production of the subject vehicle.
    d. Negligently failed to warn the Plaintiff that the subject vehicle was designed, installed and/or, manufactured with airbags that did not deploy while the vehicle was shut off but still moving, which Defendant knew or should have known prior to the production of the subject vehicle.
13. At all times material hereto, the dangerous, hazardous and defective conditions described above were latent and the Plaintiff was not capable of realizing the dangerous conditions

and could not have discovered the dangerous conditions with a reasonable inspection.
14. At all times mentioned, the accident was without any negligence on the part of the Plaintiff.
15. As a direct and proximate result of Defendant's negligence, the Plaintiff Jordon Rothermel suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, The Plaintiff requests judgment against Defendant, , for damages in a sum in excess of FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLARS, together with interest, costs, and such further relief as this court deems just and proper.

## COUNT II
## STRICT LIABILITY

16. The plaintiff readopts and realleges paragraphs 1 though 15 above, as fully as if said paragraphs were restated herein.
17. Defendant is engaged in the business of designing, manufacturing, distributing, and/or selling passenger and sport-utility vehicles, including the subject vehicle.
18. Defendant, designed, manufactured, distributed or sold the subject vehicle in a defective condition unreasonably dangerous to any user, including the Plaintiff.
19. Said product, to wit: the subject vehicle, was unreasonably dangerous because of its characteristics, lack of warnings, use of inappropriate materials, manufacturing defects, processing defects, including:
    a. Negligently designed, installed and/or manufactured the subject vehicle with faulty keying system and key fob, which Defendant knew or should have known prior to the production of the subject vehicle.
    b. Negligently failed to warn the Plaintiff that the subject vehicle was designed, installed and/or, manufactured with a faulty keying system and key fob, which Defendant knew or should have known prior to the production of the subject vehicle.
    c. Negligently designed and/or manufactured the subject vehicle with airbags that did not deploy while the vehicle was shut off but still moving, which Defendant knew or should have known prior to the production of the subject vehicle.
    d. Negligently failed to warn the Plaintiff that the subject vehicle was designed,

installed and/or, manufactured with airbags that did not deploy while the vehicle was shut off but still moving, which Defendant knew or should have known prior to the production of the subject vehicle.

20. Some time prior to April 21st, 2016, the Defendant designed, manufactured, sold and/or distributed the subject vehicle and placed the subject vehicle in the stream of commerce, where it ultimately reached Plaintiff a foreseeable user of the subject vehicle.
21. The subject vehicle was without substantial change in its condition from the time it was designed, manufactured, and sold by the defendant, until the date incident.
22. Plaintiff was using such vehicle in an intended and customary manner at the time of the incident.
23. As a direct and proximate result of the strict liability of Defendant, the Plaintiff Jordon Rothermel suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, The Plaintiff requests judgment against Defendant, General Motors LLC, for damages in a sum in excess of FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLARS, together with interest, costs, and such further relief as this court deems proper.

### DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury on all issues triable by same.

JASON SCHWARTZ, ESQ.
JAMES J. ZONAS, ESQ.
ATTORNEYS FOR PLAINTIFF
700 2nd Ave N Ste 102
Naples, FL 34102-5700
Tel:   (239) 403-7427
Fax:   (239) 263-5498

By: *Jason Schwartz*
JASON SCHWARTZ
FBN: 0053557

By: *James Zonas*
JAMES J. ZONAS
FBN: 100862